IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARVIN MANDEL** <br> **Plaintiff** <br><br> v. <br><br> **UNUMPROVIDENT CORPORATION** <br> **Defendant** | : CIVIL ACTION <br> : <br> : NO. 02-CV-4468 <br> : <br> : JUDGE KATZ <br> : <br> : |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant UnumProvident Corporation's Motion to Dismiss Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED** that said motion is **GRANTED**.  Accordingly, the following is **ORDERED**:

1. Plaintiff's complaint is dismissed without prejudice.  Plaintiff may re-file his complaint within 20 days, naming the correct defendant, Provident Life and Accident Insurance Company.

2. Count III (Breach of Fiduciary Duty) is dismissed with prejudice.

3. Count VI (Fraud) is dismissed with prejudice.

4. Count VII (Declaratory Judgment of Permanent Disability and Entitlement to Future, Unaccrued Disability Benefits) is dismissed with prejudice.

5. Count VIII (Punitive Damages) is dismissed with prejudice.

**BY THE COURT:**

_____
**J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARVIN MANDEL** : | CIVIL ACTION |
|       **Plaintiff** : | |
| : | NO. 02-CV-4468 |
| v. : | |
| : | JUDGE KATZ |
| **UNUMPROVIDENT CORPORATION** : | |
|       **Defendant** : | |

**DEFENDANT UNUMPROVIDENT CORPORATION'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Defendant UnumProvident Corporation, by and through its attorneys, hereby moves this Court to dismiss plaintiff's complaint pursuant to Rule 12(b)(6).  In support thereof, defendant avers the following:

1.Plaintiff's complaint was originally docketed in the Philadelphia County Court of Common Pleas at June Term 2002, No. 001168.

2.Defendant received plaintiff's complaint via mail on June 14, 2002.

3.Defendant removed this action to this Honorable Court on July 8, 2002.

4.This action concerns plaintiff's alleged entitlement to disability benefits under a policy of disability insurance issued to plaintiff by Provident Life and Accident Insurance Company.

5.Defendant UnumProvident Corporation now files the instant motion to dismiss.

6.As outlined in the attached Memorandum of Law, UnumProvident Corporation is not the proper defendant in this matter and should be dismissed.  The proper defendant is Provident Life and Accident Insurance Company.

7.As outlined in the attached Memorandum of Law, Count III of plaintiff's complaint (Breach of Fiduciary Duty) should be dismissed with prejudice.

1

8. As outlined in the attached Memorandum of Law, Count VI of plaintiff's complaint (Fraud) should be dismissed with prejudice.

9. As outlined in the attached Memorandum of Law, Count VII of plaintiff's complaint (Declaratory Judgment of Permanent Disability and Entitlement to Future, Unaccrued Disability Benefits) should be dismissed with prejudice.

10. As outlined in the attached Memorandum of Law, Count VIII of plaintiff's complaint (Punitive Damages) should be dismissed with prejudice.

WHEREFORE, pursuant to the attached Memorandum of Law, defendant requests an order in the form proposed.

**DATE:** _____

         **POST & SHELL, P.C.**

         **BY:**_____
         **RICHARD L. MCMONIGLE, ESQUIRE**
         **STEVEN J. SCHILDT, ESQUIRE**
         **ATTORNEYS FOR DEFENDANT**
         1800 JFK Boulevard, 19th Floor
         Philadelphia, PA  19103
         (215) 587-1089

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARVIN MANDEL** : | **CIVIL ACTION** |
|     **Plaintiff** : | |
| : | **NO. 02-CV-4468** |
| v. : | |
| : | **JUDGE KATZ** |
| **UNUMPROVIDENT CORPORATION** : | |
|     **Defendant** : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT UNUMPROVIDENT
CORPORATION'S MOTION TO DISMISS**

**I.   PROCEDURAL HISTORY, NATURE OF THE ACTION, AND CHOICE OF LAW**

Plaintiff's complaint was originally docketed in the Philadelphia County Court of Common Pleas at June Term 2002, No. 001168. Defendant received plaintiff's complaint via mail on June 14, 2002. Defendant removed this action to this Honorable Court on July 8, 2002. This action concerns plaintiff's alleged entitlement to disability benefits under a policy of disability insurance issued to plaintiff by Provident Life and Accident Insurance Company.

Plaintiff's complaint is deficient/improper in several areas. First, UnumProvident Corporation is not the proper defendant in this matter and should be dismissed. The proper defendant is Provident Life and Accident Insurance Company. Second, Count III of plaintiff's complaint (Breach of Fiduciary Duty) should be dismissed with prejudice. Third, Count VI of plaintiff's complaint (Fraud) should be dismissed with prejudice. Fourth, Count VII of plaintiff's complaint (Declaratory Judgment of Permanent Disability and Entitlement to Future, Unaccrued Disability Benefits) should be dismissed with prejudice. Fifth and finally, Count VIII of plaintiff's complaint (Punitive Damages) should be dismissed with prejudice.

1

As to choice of law, "[u]nder Pennsylvania choice of law rules, an insurance contract is governed by the law of the state in which the contract was made." Travelers Indem. Co. v. Fantozzi, 825 F. Supp. 80, 84 (E.D. Pa. 1993) (citing Crawford v. Manhattan Life Ins. Co., 221 A.2d 877, 880 (Pa. Super. Ct. 1966)). The "place of making an insurance contract is the place of delivery," which is presumed to be "the residence of the insured." Id. (citing cases); Cabrelli v. State Farm Fire & Casualty Co., 1997 U.S. Dist. LEXIS 197, *4 (E.D. Pa. 1997). Instantly, the disability policy at issue was delivered to the plaintiff at his former Pennsylvania residence. Accordingly, Pennsylvania law will control.

II.  **UNUMPROVIDENT CORPORATION IS NOT THE PROPER PARTY TO THIS LITIGATION AND SHOULD BE DISMISSED (THE PROPER PARTY BEING PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY)**

   A.  **UnumProvident Corporation Should be Dismissed Because it is Not and Has Never Been a Party to the Insurance Contract Issued to Plaintiff**

The insurance policy at issue was issued by one entity, Provident Life and Accident Insurance Company. A true and correct copy of this policy is attached hereto as Exhibit "A". As is plain, the first line of the first page defines "we/our/us" as Provident Life and Accident Insurance Company. Further, both policy riders are signed by John Barnes, a Vice President with Provident Life and Accident Insurance Company. Finally, both application forms (the last four pages) clearly state at the top "Provident Life and Accident Insurance Company."

Attached hereto as Exhibit "B" is an Affidavit from Susan Roth, who at UnumProvident Corporation holds the positions of Vice President, Corporate Secretary, and Assistant General Counsel. Ms. Roth's Affidavit attests to the following facts:

   1.  UnumProvident is a non-insurance holding company.

   2.  UnumProvident is not an insurance company, is not and has never been licensed to sell insurance, and has never sold or issued an insurance policy.

3. Provident Life and Accident Insurance Company is an operating insurance company licensed to sell insurance products in Pennsylvania.

4. Provident Life and Accident Insurance Company is an indirect subsidiary of UnumProvident.

5. UnumProvident has never assumed any liability for insurance policies issued by Provident Life and Accident Insurance Company or for claims under said policies.

Therefore, any legal obligation arising out of the insurance policy at issue attaches exclusively to Provident Life and Accident Insurance Company, not UnumProvident Corporation.

It is a well-settled proposition that "[t]o make out a cause of action for breach of contract under the law of Pennsylvania, four elements must be proven: (1) the existence of a contract to which plaintiff **and defendant were parties**; (2) the essential terms of the contract; (3) a breach of the duty imposed by the contract; and (4) that damages resulted from the breach." Caplan v. Fellheimer, 5 F. Supp.2d 299, 303 (E.D. Pa. 1998) (citing Pennsylvania cases) (emphasis added). Concerning the first element, in Lockhart v. Federal Ins. Co., 1998 U.S. Dist. LEXIS 4046 (E.D. Pa. 1998), the court cited Pennsylvania cases for the well-established proposition that "one cannot be liable for a breach of contract unless one is a party to that contract." Id. at *7. As to defendant UnumProvident Corporation, the first element is not met because UnumProvident is not a party to the insurance contract at issue. As such, plaintiff cannot assert any causes of action against UnumProvident arising out of, flowing from, or related to any alleged breach of plaintiff's insurance contract.

Under Pennsylvania law, in a suit concerning insurance contract benefits, the proper defendant is the insurer which issued the contract. For example, in Hudock v. Donegal Mutual Ins. Co., 264 A.2d 668 (Pa. 1970), the plaintiffs, dissatisfied with the compensation offered on a fire loss claim, sued their insurers, the insurers' adjustment companies, and the individual

3

adjusters. In affirming the trial court's dismissal of the adjustment companies and their individual adjusters, the court held as follows:

> The basic defect in these allegations, as noted by the court below, is the failure to establish a contractual relationship between the adjusters and the insured appellants. Without such a relationship, it is impossible for the adjusters to be liable for breach of contract to the insureds.

Id. at 672. Instantly, because UnumProvident Corporation is not in privity of contract with plaintiff, it should be dismissed as a named defendant.

Similarly, due to the lack of privity of contract between plaintiff and UnumProvident Corporation, plaintiff cannot assert against UnumProvident claims arising out of, flowing from, or related to any alleged breach of his insurance contract. For example, Pennsylvania courts have refused to allow bad faith claims under 42 Pa.C.S.A. § 8371 against parties other than the insurance company which issued the policy at issue. For example, in Lockhart v. Federal Ins. Co., 1998 U.S. Dist. LEXIS 4046 (E.D. Pa. 1998), the plaintiff filed a breach of contract and bad faith action against both the insurer who issued the insurance policy at issue as well as several other affiliated/sister insurance companies. The court dismissed the affiliated/sister insurers, reasoning as follows:

> From the evidence of record one cannot reasonably conclude that defendant Chubb was a party to the insurance policy [at issue]. The plain language of the policy categorically identifies Federal as the party which agreed to provide plaintiff with coverage.
> \*   \*   \*
> That Federal and other affiliated companies use stationery with a common Chubb Group letterhead or forms copyrighted by defendant Chubb does not make that defendant a party to plaintiff's insurance contract.

Id. at *7-8. Thus, the court held that "plaintiff cannot sustain a claim against Chubb for breaching an insurance contract or for bad faith conduct 'toward the insured' by 'the insurer.'" Id. at *10; Beaver v. Kemper National Ins. Co, 1994 U.S. Dist. LEXIS 2793 (E.D. Pa. 1994)

4

(dismissing adjustment company and adjuster from bad faith suit due to lack of contractual privity with insured).

Finally, in <u>T&N PLC v. Pennsylvania Ins. Guaranty Ass'n</u>, 800 F. Supp. 1259 (E.D. Pa. 1992), the court was faced a bad faith claim under 42 Pa.C.S.A. § 8371 against the Pennsylvania Insurance Guaranty Association ("PIGA"). The court reasoned that the key question was whether or not PIGA was an "insurer" and began its analysis by citing the definition of an "insurer" contained in the 1990 edition of Black's Law Dictionary: "Insurer. The underwriter or insurance company with whom a contract of insurance is made. The one who assumes risk or underwrites a policy, or the underwriter or company with whom a contract of insurance is made." <u>Id.</u> at 1262. In the court's words, "it is generally recognized that an insurer issues policies, collects premiums, and in exchange assumes certain risks and contractual obligations." <u>Id.</u> The court concluded that, much like UnumProvident Corporation, PIGA issues no policies, collects no premiums, and assumes no contractual obligations to insureds. <u>Id.</u> at 1263. Thus, the court held that PIGA is not an insurer and is therefore not subject to bad faith claims under 42 Pa.C.S.A. § 8371. <u>Id.</u> at 1264; <u>Dresder v. State Farm Ins. Co.</u>, 1995 U.S. Dist. LEXIS 11213, *2 (E.D. Pa. 1995) (noting that "[b]y its terms, 42 Pa.C.S.A. § 8371 applies only to the conduct of an 'insurer' toward an insured.").

Much like PIGA, Ms. Roth's Affidavit (attached hereto as Exhibit "B") demonstrates that UnumProvident Corporation issues no insurance policies, collects no premiums, and assumes no policy-based contractual obligations to insureds. Thus, the above logic and authority dictates that UnumProvident is not an insurer, cannot be held liable for insurer bad faith (or for any other causes of action arising out of, flowing from, or related to any alleged breach of plaintiff's insurance contract), and should be dismissed from this action. Instead, plaintiff's causes of

5

action should be directed at the insurer who issued his policy, Provident Life and Accident Insurance Company.

      **B.    Mere Corporate Relationship Between UnumProvident Corporation and Provident Life and Accident Insurance Company is Irrelevant**

As Ms. Roth states in her Affidavit, Provident Life and Accident Insurance Company is an indirect subsidiary of UnumProvident Corporation. Provident Life and Accident Insurance Company maintains a separate corporate identity distinct from its parent. See Affidavit of Susan Roth attached hereto as Exhibit "B". Such relationship is insufficient to confer any liability upon UnumProvident for Provident's conduct regarding plaintiff's claim for disability benefits under his policy.

It is well-settled under Pennsylvania law that a parent corporation and a wholly-owned subsidiary are "recognized as separate and distinct legal entities." Shared Communications Services v. Bell Atlantic Properties, 692 A.2d 570, 573 (Pa. Super. Ct. 1997); Commonwealth v. Vienna Health Products, 726 A.2d 432, 434 (Pa. Commw. Ct. 1999) ("The general rule in Pennsylvania is that a corporation is to be treated as a separate and independent entity even if its stock is owned entirely by one person."); Clark v. Matsushita Electric Co., 811 F. Supp. 1061, 1067 (M.D. Pa. 1993) ("subsidiaries, even if wholly-owned, are presumed separate and distinct entities from their parent corporations."); Everitt v. Dover Downs Entertainment, Inc., 1999 U.S. Dist. LEXIS 8525, *11 (E.D. Pa. 1999) ("The general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person.").

Accordingly, the fact that UnumProvident Corporation indirectly owns Provident Life and Accident Insurance Company does not allow plaintiff to bring claims against UnumProvident Corporation as though they were simply one and the same. Provident Life and Accident Insurance Company is in good standing and is an operating insurance company

6

licensed to sell insurance products in Pennsylvania. See Affidavit of Susan Roth attached hereto as Exhibit "B". Furthermore, UnumProvident Corporation has never assumed any liability for insurance policies issued by Provident Life and Accident Insurance Company or for claims under said policies. See Affidavit of Susan Roth attached hereto as Exhibit "B". Thus, the proper defendant in this case is Provident Life and Accident Insurance Company, the legal entity which issued plaintiff's insurance contract. Any legal obligations arising out of the insurance contract lies with Provident.

### III.    COUNT III (BREACH OF FIDUCIARY DUTY) SHOULD BE DISMISSED AS UNTENABLE UNDER PENNSYLVANIA LAW

Count III of plaintiff's complaint alleges a breach of fiduciary duty claim against defendant. Under Pennsylvania law, such a claim does not exist in the first-party insurance context. For example, in Keefe v. Prudential Ins. Co., 203 F.3d 218 (3d Cir. 2000), the Third Circuit recently observed that "[u]nder Pennsylvania law, a fiduciary duty higher than the duty of good faith and fair dealing does not arise out of an insurance contract until an insurer asserts a stated right under the policy to handle all claims asserted against the insured." Id. at 227-28.

Similarly, in Connecticut Indem. Co. v. Markman, 1993 U.S. Dist. LEXIS 10853 (E.D. Pa. 1993), the court was faced with a motion to dismiss a breach of fiduciary duty claim against the insurer. In dismissing the claim, the court reasoned that "Under Pennsylvania law, an insurer assumes a fiduciary duty in limited circumstances. . . .an insurer only assumes a fiduciary duty when it asserts a stated right under the policy to handle all claims brought against the insured." Id. at *17, *19; Belmont Holdings Corp. v. Unicare Life & Health Ins. Co., 1999 U.S. Dist. LEXIS 1802, *10-11 (E.D. Pa. 1999) (same and citing additional cases).

In other words, a fiduciary duty owed by an insurer to an insured only arises in the context of third party liability insurance. The case at bar is not such a case. Therefore, Count III should be dismissed.

### IV. COUNT VI (FRAUD) SHOULD BE DISMISSED AS UNTENABLE UNDER PENNSYLVANIA LAW

Count VI of plaintiff's complaint alleges a claim of fraudulent inducement against defendant. Specifically, plaintiff alleges that "Plaintiff was induced to purchase" his policy with fraudulent representations made by defendant. See paragraphs 34-35 of plaintiff's complaint. Aside from such allegations being entirely baseless and untrue, such a claim is not tenable under Pennsylvania law.

Plaintiff's insurance policy, attached hereto as Exhibit "A", contains an entire contract/integration clause on page 16. Said clause reads as follows:

> **ENTIRE CONTRACT**
> This policy with the application and attached papers is the entire contract between you and us. . . .No agent may change this policy or waive any of its provisions.

Such a clause, in conjunction with the parol evidence rule, bars claims of fraudulent inducement under Pennsylvania law. A recent case containing an extensive discussion of this issue is Titelman v. Rite Aid Corp., 2001 U.S. Dist. LEXIS 24049 (E.D. Pa. 2001). In Titelman the court, based on an entire contract/integration clause and Pennsylvania's parol evidence rule, dismissed plaintiff's claim that he was fraudulently induced to enter an employment agreement with Rite Aid Corporation. The court reasoned that any evidence of any allegedly fraudulent representations was barred.

The employment contract at issue stated that "This Agreement constitutes the entire agreement among the parties with respect to the matters herein provided." Id. at *4-5. The Titelman court began its analysis by noting that the Third Circuit has established that under

8

Pennsylvania law entire contract/integration clauses, when read in conjunction with Pennsylvania's parol evidence rule, bar consideration or prior representations, even those alleged to be fraudulent, concerning matters covered in the written contract. Id. at *9 (citing cases). Thus, in such circumstances, claims of fraudulent inducement are barred. Id. The court then discussed several Pennsylvania cases which, based on an integration clause and the parol evidence rule, barred claims of fraudulent inducement. Id. at *10-14 (citing cases). Based on these cases, the Titelman court reasoned as follows:

> The analysis of these cases makes sense. One of the assumptions underlying the parol evidence rule is that 'parties logically will insist on the inclusion of all matters material or important to them in any integrated contract.' There is no sound reason to allow a fraud in the inducement claim to go forward when the plaintiff alleges that he relied on allegedly fraudulent statements that he did not insist be included in the final written contract. Pennsylvania's parol evidence rule 'seeks to protect parties from fraudulent inducement claims which could have been prevented by more complete, more thorough contract formation.'

Id. at *15 (citations omitted).

Accordingly, pursuant to Titelman and the authority discussed therein, plaintiff's claim of fraudulent inducement (Count VI) should be dismissed.

## V. COUNT VII (DECLARATORY JUDGMENT OF PERMANENT DISABILITY AND ENTITLEMENT TO DISABILITY PAYMENTS FOR LIFE) SHOULD BE DISMISSED AS UNTENABLE UNDER PENNSYLVANIA LAW

In Count VII plaintiff requests a declaratory judgment that he is "permanently disabled within the meaning of the policy and thus is entitled to payments for life." See paragraph 41 of plaintiff's complaint. Such a cause of action/remedy is unavailable under Pennsylvania law. It is well-settled under Pennsylvania law that an insured who brings suit under a disability insurance policy is only entitled to recover past benefits denied (not future, unaccrued benefits) calculated from the date of the claim denial through the filing of suit. See, e.g., Summers v. Prudential Ins. Co., 179 A. 78, 79 (Pa. 1935); Doe v. Provident Life & Accident Ins. Co., 936 F.

9

Supp. 302, 306-07 (E.D. Pa. 1996) (citing Pennsylvania cases); <u>Hilley v. Massachusetts Mut. Life Ins. Co.</u>, 32 F. Supp.2d 195, 197 n3 (E.D. Pa. 1998).  Accordingly, Count VII should be dismissed.

VI.   **COUNT VIII (PUNITIVE DAMAGES) SHOULD BE DISMISSED AS UNTENABLE UNDER PENNSYLVANIA LAW**

In Count VIII plaintiff alleges an independent cause of action for "Punitive Damages." This count should be dismissed because there is no independent cause of action for punitive damages under Pennsylvania law.  <u>See</u>, <u>e.g.</u>, <u>Baram v. Farugia</u>, 606 F.2d 42, 46 (3d Cir. 1979) ("under Pennsylvania law the right to punitive damages is a mere incident to a cause of action and not the subject of an action in itself."); <u>Winterberg v. CNA Ins. Co.</u>, 868 F. Supp. 713, 725 n20 (E.D. Pa. 1994) ("a request for punitive damages is not a cause of action in and of itself"); <u>Peer v. Minnesota Mut. Fire & Casualty Co.</u>, 1993 U.S. Dist. LEXIS 18008, *16 (E.D. Pa. 1993) ("There is no independent cause of action for punitive damages under Pennsylvania law."). Accordingly, Count VIII should be dismissed.

WHEREFORE, defendant requests an Order in the form proposed.


DATE: _____

                        **POST & SHELL, P.C.**


BY: _____
      **RICHARD L. MCMONIGLE, ESQUIRE**
      **STEVEN J. SCHILDT, ESQUIRE**
      **ATTORNEYS FOR DEFENDANT**
      1800 JFK Boulevard, 19th Floor
      Philadelphia, PA  19103
      (215) 587-1089

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of defendant's Motion to Dismiss and supporting Brief were sent via first class mail to the following individuals on _____:

Bentley M. Saul, Esquire
Fourth Floor
1601 Walnut Street
Philadelphia, PA   19102

Vincent F. Presto, Esquire
Suite 16
124 Chestnut Street
Philadelphia, PA   19106

**POST & SHELL, P.C.**

BY:_____
**STEVEN J. SCHILDT, ESQUIRE
ATTORNEY FOR DEFENDANT**